Lock Joint Pipe Co. of P. R., demandante y apelante, *v.* Se-cretario de Hacienda de Puerto Rico, demandado y apelado.

Número 11086

*Sometido:* 5 de abril de 1954. *Resuelto:* 3 de mayo de 1955.

*Elmer Toro Lucchetti,* abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

La demandante y apelante en este caso obtuvo el 13 de junio de 1938, una exención de contribuciones como industria nueva, a tenor con las disposiciones de la Ley núm. 94 de 14 de mayo de 1936 ((1) pág. 495). Dicha Ley disponía que tal exención de contribuciones no comprendería la contribución sobre ingresos. En virtud de ciertas concesiones adicionales, la demandante y apelante disfrutó de dicha exención hasta el 28 de julio de 1949.

La demandante y apelante satisfizo al Tesorero de Puerto Rico $108,837 por contribuciones sobre ingresos correspon-

dientes al año 1948 y $13,258.21 por contribuciones sobre ingresos correspondientes al año 1949. Habiéndose enterado que la Asamblea Legislativa de Puerto Rico había aprobado la Ley núm. 184 de 13 de mayo de 1948 ((1) pág. 483) que disponía, que las industrias nuevas reconocidas por dicha Ley no tendrían que pagar contribuciones sobre ingresos, solicitó del anterior Tesorero de Puerto Rico el reintegro de las cantidades pagadas por ella por concepto de contribuciones sobre ingresos. El entonces Tesorero de Puerto Rico denegó el reintegro solicitado por el fundamento que la Ley 184, disponía que todas las exenciones de contribuciones concedidas bajo las disposiciones de la Ley núm. 94, continuarían en vigor por el término prescrito en la misma y en la extensión y bajo las condiciones en que fueron concedidas.

La demandante y apelante acudió ante el Tribunal Superior de Puerto Rico, Sala de San Juan, solicitando de ésta que concediera el reintegro que le había denegado el entonces Tesorero. Dicha Sala declaró sin lugar la petición de la querellante y ésta ha apelado ante nos, señalando dos errores: (1) "error de derecho al resolver que la exención de contribuciones de que gozaba la apelante hasta el 28 de julio de 1949 no incluyó una exención de contribuciones sobre ingresos después de aprobarse la Ley núm. 184 de 1948" y (2) "error de derecho al resolver la cuestión de hecho planteádale sobre la práctica administrativa del Secretario de Hacienda en cuanto a la interpretación y aplicación y alcance de la Ley núm. 184 de 1948 en relación con la Ley núm. 94 de 1936."

El caso gira en torno a la interpretación de la sec. 15 de la Ley núm. 184 de 13 de mayo de 1948, que dispone: "La Ley número 94 de mayo 14 de 1936, la Ley número 346, aprobada en mayo 12 de 1947 y la Ley número 22 aprobada en 5 de diciembre de 1947, quedan por la presente derogadas; *Disponiéndose* que todas las exenciones de contribuciones concedidas bajo tales leyes quedarán subsistentes con todos los beneficios, derechos, privilegios, obligaciones y limitaciones que por esta Ley se proveen y las solicitudes radicadas con

arreglo a las leyes número 346 y 22, ambas de 1947 antes mencionadas, se tramitarán bajo las disposiciones de esta Ley; *Disponiéndose, además*, que toda exención de contribuciones concedida bajo las disposiciones de la referida Ley Núm. 94 de mayo 14 de 1936 continuará en vigor por el término prescrito en la misma y en la extensión y bajo las condiciones en que haya sido concedida, debiendo el Consejo Ejecutivo velar por el fiel cumplimiento de las condiciones de tales exenciones y proceder, en el caso de incumplimiento de las mismas, en la misma forma y con los mismos poderes que lo hubiere hecho la Comisión de Servicio Público bajo la referida Ley núm. 94 de 1936. Bajo los mismos términos, condiciones y alcances en que la hubiera podido conceder la Comisión de Servicio Público con arreglo a las disposiciones de la Ley 94 de mayo 14 de 1936 de estar en vigor dicha ley, el Consejo Ejecutivo podrá conceder prórroga de cualquier exención de contribuciones concedida por dicha Comisión. Las personas naturales o jurídicas que disfruten de exención contributiva bajo dicha Ley 94 de 1936 podrán acogerse a los beneficios de esta Ley siempre que se ajusten a los términos de la misma."

La demandante y apelante arguye, que en el primer *disponiéndose* en el sentido: "que todas las exenciones de contribuciones concedidas bajo tales leyes quedarán subsistentes *con todos los beneficios, derechos, privilegios, obligaciones y limitaciones que por esta Ley se proveen* y las solicitudes radicadas con arreglo a las Leyes núms. 346 y 22, ambas de 1947 antes mencionadas se tramitarán bajo las disposiciones de esta Ley", el legislador "quiso igualar todas las exenciones bajo la ley y que concedió a las industrias anteriores que venían gozando de una exención, y cuyo término estaba próximo a vencer, la misma exención que estaba concediendo a industrias nuevas."

No hay tal cosa. A continuación se inserta la segunda disposición que clarifica toda la situación: "*disponiéndose, además*, que toda exención de contribuciones concedida bajo las disposiciones de la referida Ley núm. 94 de mayo 14 de

1936 continuará en vigor *por el término prescrito* en la misma, *y en la extensión* y *bajo las condiciones* en que haya sido concedida." La inclusión de las tres leyes, al comienzo de la sec. 15 es para los efectos de derogar las tres leyes. La situación se ve con mayor claridad cuando se estudia la historia legislativa de la Ley 184. Originalmente la Ley núm. 184 de 13 de mayo de 1948 era el Proyecto del Senado núm. 1, cuya sec. 15 estaba redactada en los siguientes términos:

"Sec. 15

La Ley número 346, aprobada en mayo 12, 1947, así como la ley número 22, aprobada en 5 de diciembre de 1947, quedan por la presente derogadas; Disponiéndose que todas las exenciones de contribuciones concedidas bajo tales leyes quedarán subsistentes y las solicitudes radicadas con arreglo a dichas leyes se tramitarán bajo las disposiciones de esta Ley; disponiéndose, además, que toda exención de contribuciones concedida bajo las disposiciones de la referida Ley núm. 94 de mayo 14, 1936 continuará en vigor por el término prescrito en la misma y en la extensión y bajo las condiciones en que haya sido concedida, debiendo el Consejo Ejecutivo velar por el fiel cumplimiento de las condiciones de tales exenciones y proceder, en el caso de incumplimiento de las mismas, en la misma forma y con los mismos poderes que lo hubiere hecho la Comisión de Servicio Público bajo la referida Ley núm. 94 de 1936. Las personas naturales o jurídicas que disfruten de exención contributiva bajo dicha ley 94 de 1936 podrán acogerse a los beneficios de esta Ley siempre que se ajusten a los términos de la misma."

La enmienda al proyecto original se hace en virtud del siguiente informe de la Comisión de Hacienda y Fomento:

"Vuestra Comisión de Hacienda y Fomento Ha Recibido y considerado el P del S 1 y Tiene El Honor De Proponer su *aprobación con las siguientes enmiendas:*

Página 21—Entre líneas 1 y 2 insertar lo siguiente: "La Ley número 94 de mayo 14 de 1936,"

Página 21 línea 2—cambiar "La" por "la" y eliminar "así como" e insertar "y"

Página 21 línea 5—Después de la palabra "subsistentes" insertar "con todos los beneficios, derechos, privilegios, obligaciones y limitaciones que por esta Ley se proveen"

Página 21 línea 6—eliminar "dichas leyes" e insertar "las leyes números 346 y 22, ambas de 1947 antes mencionadas,"

Página 21 línea 16—Después del (.) insertar "Bajo los mismos términos, condiciones y alcances en que la hubiera podido conceder la Comisión de Servicio Público con arreglo a las disposiciones de la Ley número 94 de mayo 14 de 1936, de estar vigente dicha ley, el Consejo Ejecutivo podrá conceder prórroga de cualquier exención de contribuciones concedidas por dicha Comisión".

.        .        .        .        .        .        .        .        .

Nada hay en el informe de dicha Comisión que demuestre la intención legislativa de unir a todas las exenciones en una sola disposición.    La incongruencia en el primer *disponién-dose* que crea la inclusión de la Ley núm. 94 de 14 de mayo de 1936 en la disposición derogatoria, se aclara en seguida por el segundo disponiéndose.    Aún si tuviéramos que interpretar el primer *disponiéndose* aisladamente, como interesa la demandante y apelante, las exenciones quedaban subsistentes con todos los beneficios, derechos, privilegios, obligaciones y *limitaciones que por esta Ley* se proveen y en la misma sec. 15, las exenciones concedidas bajo las disposiciones de la Ley núm. 94 de 14 de mayo de 1936, por propio mandato literal de la ley, quedan limitadas a:  (1) "el término prescrito en la misma", (2) "la *extensión* y *bajo las condiciones* en que hayan sido concedidas".

Como se ve se trata de una mera ambigüedad en la redacción, debida a que al texto original se le hicieron algunas adiciones sin pensar en la posible incompatibilidad de expresión de una parte del texto con la otra.

▮  La letra de la Ley es tan clara que no vemos cómo pudiera afectar la misma cualquiera práctica administrativa. Ninguna secretaría del gobierno podría alterar por interpre-

tación administrativa los términos claros y precisos de una ley: *United States* v. *Missouri Pac. R. Co.*, 278 U. S. 269, 73 L. ed. 322, *(Butler)*, (1929), cita precisa a las págs. 277–278 U. S., 376 L. ed.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández concurre en el resultado.